[No. 36191. Department One. June 7, 1962.]

THE STATE OF WASHINGTON, *Respondent,* v. LEON ROSE, *Appellant.*[*]

*Harry Hazel,* for appellant.

*Lincoln E. Shropshire,* by *Mark Fortier,* for respondent.

PER CURIAM.—No question of law is presented on this appeal, which is from a judgment and sentence based on a jury's verdict of guilty on a charge of aiding and abetting in the commission of the crime of second-degree burglary.

The issue is whether there was sufficient evidence from which the jury could find that the defendant (appellant), Leon Rose, knew of the criminal purpose of two of his associates, Snoble[1] Johnson and Allen Doss.

At about 10:30 p. m. on the night of the burglary, the three of them started out together in the defendant's station wagon, taking with them three gunny sacks. They had discussed "making a little change." The defendant drove them to the vicinity of a store building; Johnson said, "Let's get out and go up here to the store and see what's up there." The defendant stopped his car, letting Doss and Johnson out. They went to the building, taking two of the sacks with them; and the defendant drove the car a short distance away and parked it.

Johnson broke a window and entered the store, and then admitted Doss through a door. They put groceries and other commodities into their sacks.

The residents of a nearby house, observing what was happening, notified the police.

---

[1]The record says "Snoble," but counsel on oral argument advised that it should be "Snowball."

[*]Reported in 371 P. (2d) 1012.

.Doss, with his sack, left the building just before the police arrived. Johnson was arrested in the store. Doss abandoned his partially filled sack and reached the parked car (where the defendant was waiting). They drove to the home of Doss, where they were arrested a few minutes later.

It is earnestly and seriously urged that the evidence was not sufficient to take the case to the jury on the issue of the defendant's knowledge of the criminal purpose of Doss and Johnson.

True, there is no testimony that Johnson or Doss told the defendant that they were going to burglarize the store, and that he was expected to drive the "get away" car.

The time, the place, the gunny sacks, the purpose of "making a little change," and the waiting in the parked car were clearly sufficient to take the case against the defendant to the jury.

The judgment is affirmed.

July 26, 1962. Petition for rehearing denied.